IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **TRACY WRAGG,** | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| v. | : | |
| | : | |
| **SAGE HOSPITALITY GROUP, LLC,** | : | Jury Trial Demand |
| and, **WHITMAN/PETERSON, LLC,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## COMPLAINT

**COMES NOW** Plaintiff, Tracy Wragg ("Plaintiff"), by and through counsel undersigned, and hereby submits her Complaint against Defendants, Sage Hospitality Group, LLC ("Sage"), and Whitman/Peterson, LLC ("Whitman") (Sage and Whitman collectively referred to herein as "Defendants"), and shows the Court, as follows:

### Cause of Action

**1.**

This cause of action arises under the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), seeking a

remedy for sex discrimination and retaliation, and the Age Discrimination and Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), seeking a remedy for discrimination and retaliation.

**Parties, Jurisdiction and Venue**

**2.**

At all times relevant to this action, Plaintiff was a resident of the State of Georgia and of the Northern District of Georgia.

**3.**

Upon information and belief, Sage is a domestic limited liability company, with its principal office located at 1130 Hurricane Shoals Road, NE, Suite 400, Lawrenceville, Georgia 30043. Sage may be served via its registered agent, Straightline Investments, LLC, which is located at the same address.

**4.**

Upon information and belief, Whitman is a foreign limited liability company, with its principal office located at 3075 Townsgate Road, Suite 210, Westlake Village, California 91361. Whitman may be served via its registered agent, Weston Whitman, at 3075 Townsgate Road, Suite 210, Thousand Oaks, California 91361.

**5.**

Upon information and belief, and at all times relevant to this action, the Defendants were co-owners of the Doubletree by Hilton Atlanta Perimeter Dunwoody, in Georgia.

**6.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337.

**7.**

All jurisdictional prerequisites to the institution of Plaintiff's suit under Title VII have been fulfilled. Plaintiff filed her charge within 180 days of the discriminatory acts; Plaintiff was issued a right to sue from the EEOC; and Plaintiff now files this Complaint within 90 days of receipt of the right to sue. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

**8.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants conduct business within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

**9.**

On or about September 8, 2019, Plaintiff applied online for the position of Front Office Manager at the Doubletree by Hilton Atlanta Perimeter Dunwoody.

**10.**

Plaintiff was contacted by Jamilah Stevenson ("Stevenson"), Assistant General Manager, and an interview date was set for Plaintiff for the very next day, September 9, 2019.

**11.**

Upon Plaintiff's arrival at the hotel, she was first interviewed by the Controller, who advised Plaintiff that following her interview with Stevenson, she would also interview with the Housekeeping Manager and the Head of Engineering.

**12.**

During Plaintiff's interview, Stevenson asked Plaintiff twice whether Plaintiff had open availability. Plaintiff stated that she could be available for all shifts, days and hours. Stevenson asked Plaintiff what she would do if someone called out and Plaintiff had other plans. Plaintiff told Stevenson that she would try

to find another employee to cover the shift and that, if she could not find someone to fill in, Plaintiff would cover the open shift herself.

**13.**

As the interview was ending, Stevenson asked Plaintiff if she had children. The question surprised Plaintiff, but she told Stevenson "[y]es, I have a wonderful set of twins." Stevenson then told Plaintiff that she did not have any children. Plaintiff felt uncomfortable with the subject and was concerned that her response might affect Stevenson's hiring decision.

**14.**

Plaintiff's interview ended and, contrary to what she was originally told by the Controller, Plaintiff was not interviewed by the Housekeeping Manager nor the Head of Engineering.

**15.**

A few days later, Plaintiff was advised, via email, that she was not chosen for the position, although Stevenson evidently made the decision to reject Plaintiff immediately after questioning Plaintiff in regard to whether she had children, as Stevenson aborted the interview process that had been previously explained to Plaintiff by the Controller.

## COUNT I
### (Sex Discrimination and Retaliation - Title VII)

**16.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**17.**

Defendants' treatment of Plaintiff was motivated by and because of Plaintiff's sex, which is employment discrimination.

**18.**

Defendants discriminated and then retaliated against Plaintiff because of her sex when they aborted her interview process after being asked whether she had children, and subsequently, rejected her for employment.

**19.**

It is unlawful to reject or hire a candidate based on whether she has children. These characteristics have nothing to do with the applicant's or employee's skills or ability to do the job, and are therefore unlawful if they are used as the basis for employment decisions.

**20.**

Defendants discriminated and retaliated against Plaintiff on the basis of sex in violation of Title VII.

**21.**

At the time of the discriminatory and retaliatory acts alleged, Defendants knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**22.**

Defendants performed the above described discriminatory and retaliatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT II
### (Age Discrimination and Retaliation - ADEA)

**23.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**24.**

Defendants discriminated and retaliated against Plaintiff, who was 44 years old at the time, because she is an older worker, which is employment discrimination.

**25.**

Defendants discriminated and then retaliated against Plaintiff because of her age when they aborted her interview process.

**26.**

It is unlawful to reject or hire a candidate based on her age. Age has nothing to do with the applicant's or employee's skills or ability to do the job, and is therefore unlawful if used as the basis for employment decisions.

**27.**

At the time of the discriminatory and retaliatory acts alleged, Defendants knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**28.**

Defendants performed the above described discriminatory and retaliatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants, as follows:

(a) That Defendants be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of Title VII or the ADEA;

(b) That Defendants be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits, if any, she would have received

had it not been for Defendants' illegal actions, including but not limited to pay, benefits, insurance costs, <u>bonuses</u>, raises, training, promotions, and seniority;

(c) That Defendants be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(d) That Plaintiff recover front pay;

(e) That Plaintiff recover liquidated damages for Defendants' willful violations of the ADEA;

(f) That Plaintiff recover compensatory damages for Defendants' willful violations of Title VII;

(g) The Plaintiff be awarded punitive damages to punish the Defendants for their unlawful actions and violations of Title VII;

(h) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees;

(i) That Plaintiff recover prejudgment interest;

(j) That the Court issue a declaratory judgment that the practices complained of are unlawful and void; and

(k) For such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury of all issues in this action.

Dated this 12th day of July 2021.

                              **PANKEY & HORLOCK, LLC**

                              By:  */s/ Larry A. Pankey*
                                   Larry A. Pankey
                                   Georgia Bar No. 560725
                                   ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Tracy Wragg, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 12th day of July 2021.

                                        **PANKEY & HORLOCK, LLC**

                                        By:  */s/ Larry A. Pankey*
                                                Larry A. Pankey
                                                Georgia Bar No. 560725
                                                ***Attorneys for Plaintiff***

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA<br>[X] EEOC | 410-2020-00321 |
| | | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>**Tracsalene (Tracy) Wragg** | Home Phone (Incl. Area Code)<br>**Cell: 404-964-1507** | Date of Birth |
|---|---|---|

Street Address                City, State and ZIP Code
**Sandy Springs, Georgia**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**Sage Hospitality – Doubletree by Hilton Atlanta Perimeter Dunwoody** | No. Employees, Members<br>**Unknown** | Phone No. (Include Area Code)<br>**(770) 457-6363** |
|---|---|---|

Street Address                City, State and ZIP Code
**4386 Chamblee Dunwoody Road, Atlanta, Georgia 30341**

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09/09/2019    Latest: 09/09/2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about 09/08/2019, I applied online for the position of Front Office Manager at the Doubletree by Hilton Atlanta Perimeter Dunwoody. I was contacted by Jamilah Stevenson ("Stevenson"), Assistant General Manager, and an interview date was set for me for 09/09/2019.

II. Upon my arrival at the hotel, I was first interviewed by the controller, who advised me that following my interview with Stevenson, I would also interview with the housekeeping manager and the head of engineering.

III. During my interview with Stevenson, she asked me twice whether I had open availability. I stated that I could be available for all shifts, days and hours. Stevenson asked what I would do if someone called out and I had other plans. I told her that, I would try to find an employee to cover the shift and that, if I could not find someone to fill in, I would cover the open shift myself.

IV. As the interview was ending, Stevenson asked me if I had children. The question surprised me, but I told her "[y]es, I have a wonderful set of twins." Stevenson then told me she did not have any children. I felt uncomfortable with the subject and as though my response might affect her hiring decision, so I added "[m]y daycare days are over."

V. My interview ended and, contrary to what I was originally told, I was not interviewed by the housekeeping manager and the head of engineering. A few days later, I was advised, via email, that I was not chosen for the position.

I believe I have been discriminated against due to my sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, et seq., and, due to my age, in violation of the Age Discrimination and Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/25/2019
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT    OCT 08 2019

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) September 25, 2019