IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY WRAGG,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE CLIENT 208, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:21-cv-2774-TWT-JKL |

# FINAL REPORT AND RECOMMENDATION

This employment discrimination case is before the Court on Defendant's motion to dismiss Plaintiff's second amended complaint. [Doc. 20.] For the reasons explained below, it is **RECOMMENDED** that the motion be **GRANTED**.

## BACKGROUND

Plaintiff filed this lawsuit in July 2020, and in October 2020, amended her complaint and moved for additional time to serve Defendant. [Docs. 1, 5, 6.] Plaintiff thereafter amended her complaint again to name the proper Defendant. [Docs. 16, 17, 18.]

In her second amended complaint, Plaintiff, who is a 44-year-old woman, alleges the following. [Doc. 18 ¶¶ 10, 24.] On September 8, 2019, she submitted

an online application for a Front Office Manager position with Defendant's Doubletree by Hilton hotel. [*Id.* ¶ 9.] An interview was scheduled for the following day with Assistant General Manager Jamilah Stevenson. [*Id.* ¶ 9.] When Plaintiff arrived, she met with Defendant's Controller, who informed her that in addition to Stevenson, she would also meet with the Housekeeping Manager and the Head of Engineering. [*Id.* ¶ 10.]

During Plaintiff's interview with Stevenson, Stevenson inquired twice about Plaintiff's availability and how she would handle scheduling conflicts. [*Id.* ¶ 11.] At the end of their discussion, Stevenson also inquired about whether Plaintiff had children. [*Id.* ¶¶ 11-12.] When Plaintiff confirmed that she had twins, Stevenson noted that she did not have any children, which left Plaintiff "uncomfortable," and "concerned that her response might affected Stevenson's hiring decision." [*Id.* ¶ 12.] Plaintiff's interview with Defendant then ended, without her meeting either the Housekeeping Manager or the Head of Engineering. [*Id.* ¶ 13.] A few days later, Plaintiff was informed that she had not been selected for the Front Office Manager position. [*Id.* ¶ 14.]

Without further factual allegations, Plaintiff sets forth claims for sex discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII")

and age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), asserting (1) that "Defendant discriminated and then retaliated against [her] because of her sex when it aborted her interview process after being asked whether she had children, and subsequently, rejected her for employment," and that (2) "Defendant discriminated and then retaliated against Plaintiff because of her age when it aborted her interview process." [*Id.* ¶¶ 15-27.]

Defendant now moves to dismiss Plaintiff's claims. [Doc. 20.] Defendant first argues that Plaintiff failed to exhaust her administrative remedies with regard to her retaliation claims, but that regardless, she also failed to allege sufficient facts to plausibly support that she suffered retaliation for engaging in activity protected by Title VII or the ADEA. [*Id.* at 4-8.] Defendant next argues that Plaintiff's discrimination claims are due to be dismissed because she has not alleged any facts that plausibly suggest her sex and/or age were among the reasons she was not hired. [*Id.* at 8-11.]

Plaintiff concedes that her Title VII retaliation and ADEA claims are subject to dismissal, and seeks to withdraw them. [Doc. 23 at 2 ("Plaintiff hereby voluntarily withdraws all of her retaliation and age claims.").] She contends, however, that her Title VII discrimination claim amounts to a sex-plus claim, that

3

she was discriminated against because of her "status as a woman and mother in the workforce," and that Defendant's discriminatory intent is evidenced by "the decision to reject Plaintiff immediately after questioning Plaintiff in regard to whether she had children." [*Id.* at 3-8.]  The Court takes up the parties' arguments below.

## ANALYSIS

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555.  Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.*  In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*).  Furthermore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue that

precludes relief or if it is based on a meritless legal theory, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

As an initial matter, because Plaintiff has affirmatively abandoned her Title VII retaliation claim, her ADEA discrimination claim, and her ADEA retaliation claim [Doc. 23 at 2], Defendant's motion to dismiss should be **GRANTED** as to those claims. *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *see also Pierce v. Clayton Cnty.*, No. 1:16-CV-779-ODE, 2016 WL 10537013, at *4 (N.D. Ga. Oct. 11, 2016); *Mamon v. Midland Funding, LLC*, No. 1:13-CV-02301-AT-GGB, 2013 WL 12382685, at *4 (N.D. Ga. Nov. 14, 2013) (collecting cases).

With only Plaintiff's Title VII sex discrimination claim remaining, the analysis is straightforward—the only question is whether Plaintiff has alleged sufficient facts to support a "reasonable inference" of sex discrimination in relation to the decision not to hire her. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011); *see also Baker v. Hafez Corp.*, 2014 WL 1760976, at *9 (S.D. Ala. May 2, 2014). Importantly, bare assertions or legal conclusions are insufficient to meet this burden, and "[d]istrict courts frequently

dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts." *Uppal v. Hosp. Corp. of Am.*, No. 8:09-CV-634-T-33TBM, 2011 WL 2631869, at *3 (M.D. Fla. July 5, 2011) (collecting cases), *aff'd*, 482 F. App'x 394 (11th Cir. 2012); *see also Glover v. Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015) (concluding that race discrimination claims should be dismissed because complaint omitted facts tending to show that termination was motivated by plaintiff's race); *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (explaining that discrimination claim should be dismissed because complaint merely included conclusory allegations of discrimination and failed to allege facts allowing the court to infer that defendant treated those outside of plaintiff's protected class more favorably).

As discussed, Plaintiff contends that her Title VII discrimination claim is a "sex plus" claim, and that Stevenson's inquiry about Plaintiff's availability and caregiving responsibilities can support a plausible inference of sex discrimination. The undersigned cannot agree. Title VII makes it unlawful for employers to hire, fire, or otherwise discriminate against their employees regarding "compensation, terms, conditions, or privileges of employment" based on sex. *See* 42 U.S.C. §

2000e–2(a)(1). So-called "sex plus" or "gender plus" discrimination claims can arise where an employer classifies employees "based on sex plus a sex-neutral characteristic." *King v. Ferguson Enters., Inc.*, 971 F. Supp. 2d 1200, 1209 (N.D. Ga. 2013), *aff'd*, 568 F. App'x 686 (11th Cir. 2014). In order "[t]o succeed on a gender-plus claim, plaintiffs need not establish that their employer discriminated against the entire class [] women;" instead, they need only establish that their employer treated the subclass of women with the sex-neutral characteristic worse than men with that characteristic. *Id.* (citing *Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 43 (1st Cir. 2009)). However, because only enumerated characteristics—like sex—are protected by Title VII, the "ultimate question" in sex-plus cases remains the same as normal sex discrimination cases—namely "whether the employer took an adverse employment action at least in part because of an employee's sex." *Id.* Importantly, in sex-plus cases, "if a woman cannot show that her employer treats the same subclass of men differently," or offer other allegations showing that sex itself motivated any adverse actions, "then gender is not a factor; moreover, allowing her claim without such evidence would result in the protection of the characteristic rather than gender." *King*, 971 F. Supp. 2d at 1214-14 (citing *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1204 (10th Cir. 1997)

7

and *Willingham v. Macon Tel. Publ'g Co.*, 507 F.2d 1084, 1089 (5th Cir. 1975). Thus, for example, while Title VII will not protect individuals on the basis of their marital or parental status, it will protect married women or mothers who are treated less favorably than married men or fathers. *Id.* (citing *Coleman*, 108 F.3d at 1203-04); *see also Wilkins v. Sessions,* No. CV 8:17-403-TMC-KDW, 2018 WL 3131027, at *6 (D.S.C. June 8, 2018) ("[N]othing in Title VII has extended its reach to 'parental status' as a protected class") (collecting cases), *report and recommendation adopted*, 2018 WL 3127323 (D.S.C. June 26, 2018); *Longariello v. Sch. Bd. of Monroe Cnty.*, 987 F. Supp. 1440, 1449 (S.D. Fla. 1997) ("Title VII prohibits employers from treating single men differently than single women, but it does not protect marital status alone. To establish a gender-plus marital status claim, [a plaintiff] must demonstrate that the [defendant] treated single men less favorably than it treated single women.") (citations omitted), *aff'd*, 161 F.3d 21 (11th Cir. 1998).

Unfortunately for Plaintiff, her second amended complaint fails to set forth any allegations that support an inference that Defendant made its decision because Plaintiff was a mother, rather than simply because she had children. That motivation, however, is sex neutral. She has not offered allegations, for instance,

that Defendant hired a father for the Front Office manager position or otherwise treated men with children more favorably; that Stevenson or anyone else made any statements that suggested she or Defendant did not wish to hire mothers in particular (as opposed to parents generally); or that Stevenson or Defendant had any preferences for candidates other than that they not have any dependents in their care. Without more, the only inference of discrimination that arises from the second amended complaint is one against parents at-large, but not against mothers specifically. In other words, while Plaintiff's allegations might support an inference that Defendant discriminated against her because she had children, there is nothing to suggest it was because she was ***a woman*** with children.[1] And in the end, because Plaintiff has not offered allegations to support a plausible inference

---

[1] Plaintiff does not offer any caselaw that supports her argument that merely asking about child-rearing amounts to (or is even evidence, without more, of) sex-based discrimination. She does cite an advisory web post from the Equal Employment Opportunities Commission, which advises that it is discriminatory to ask applicants questions about children "only of women and not men (or vice versa)." *See* EEOC, "Pre-Employment Inquiries and Marital Status or Number of Children," located at https://www.eeoc.gov/pre-employment-inquiries-and-marital-status-or-number-children (last visited Mar. 11, 2022). However, this merely confirms that, to maintain a sex-plus claim of discrimination, a plaintiff must identify differences between an employer's treatment of the relevant subsets of women and men. In this case, that distinction would be between mothers and fathers; however, Plaintiff has offered no allegations to show that fathers were treated more favorably.

of discrimination based upon sex (as opposed to gender-neutral parental status), her Title VII fails as alleged.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss should be **GRANTED** [Doc. 20], and Plaintiff's claims **DISMISSED**.[2]

IT IS SO RECOMMENDED this 11th day of March, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[2] Because it is *possible* that Stevenson's question to Plaintiff was in fact pretext for discrimination against mothers (as opposed to all parents), it is also possible that she could assert a plausible sex-plus claim of discrimination under Title VII. Plaintiff has not, however, sought leave to amend her complaint to allege facts to support such a theory. Even so, her Title VII discrimination claim should be **DISMISSED WITHOUT PREJUDICE**.